**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

Case No. 0:25-cv-61374-EA

HERON ENTERPRISES, LLC,
a Delaware Limited Liability Company,

Plaintiff,

v.

STARBOARD YACHT GROUP LLC,
a Florida Limited Liability Company, and
CHARLES J. STRATMANN, an individual,

Defendants.
_______________________________________/

**PLAINTIFF HERON ENTERPRISES, LLC'S STATEMENT OF UNDISPUTED MATERIAL FACTS**

Plaintiff, Heron Enterprises, LLC ("Heron" or "Plaintiff"), hereby submits the following Statement of Undisputed Material Facts in support of its Motion for Summary Judgment against Defendant Starboard Yacht Group LLC ("Starboard" or "SYG").

1. Charles J. Stratmann is the sole member and CEO of Defendant, Starboard Yacht Group LLC. **Exhibit A**, Stratmann Dep. at 24:17–22, 17:24–22.

2. Starboard Yacht Group LLC entered into an agreement with Heron Enterprises, LLC for the supply and installation of a Humphree All-Speed Interceptor Fin System aboard the M/Y Heron in exchange for $549,183.00. *See, e.g.*, **Exhibit B**, Stratmann Interrogatory Responses at Interrogatory No. 2 ("On or about October 8, 2024, Starboard Yacht Group LLC entered into a Buyer's Order with Plaintiff for the supply and installation of a Humphree All-Speed Interceptor Fin System aboard the M/Y Heron. The contract value was $549,183.00."); Stratmann Dep. at 134:3–10.

3. Stratmann represented to Plaintiff that this was a "simple installation," and the Buyer's Order indicated the parts should be secured and shipped within 60 days. **Exhibit C**, March 12, 2025 Email.

4. Stratmann later testified that a project like this would typically only take around two to three months to complete. Ex. A, Stratmann Dep. at 72:2–7.

5. Plaintiff paid the contract value in full. **Exhibit D**, Declaration of Joshua Asen ("Asen Decl.") ¶¶ 2–6 (confirming $549,183.00 paid in three wire transfers).

6. In early October 2024, Heron paid a deposit of $362,183.00 to Starboard pursuant to the Buyer's Order. Ex. A, Stratmann Dep. at 89:7–23; Ex. D, Asen Decl. ¶ 4, Composite Ex. A; **Exhibit E**, Buyer's Order.

7. In November 2024, Heron paid an additional $187,000.00 to Starboard pursuant to two subsequent invoices. **Composite Exhibit F** (November Invoices); Ex. B at Interrogatory No. 2; Ex. D, Asen Decl. ¶ 5; *see also* Ex. A, Stratmann Dep. at 134:3–10 (confirming $549,183.00 represents the buyer's order plus the subsequent payment in November).

8. The M/Y Heron was berthed at Safe Harbor Lauderdale Marine Center ("SHLMC") in Fort Lauderdale, Florida, where the installation work was to be performed throughout the relevant timeframe. Ex. A, Stratmann Dep. at 136:20–137:1.

9. At the time the parties entered into the Buyer's Order in October 2024 and unbeknownst to Plaintiff, Starboard was involved in multiple disputes with SHLMC. *See, e.g.*, **Exhibit G** Complaint for Eviction, *SHM LMC, LLC v. Starboard Yacht Grp., LLC*, No. COCE-24-017512 (Fla. Broward Cnty. Ct. Mar. 21, 2024); **Exhibit H**, Answer, Affirmative Defenses and Counterclaim Against Starboard Yacht Group LLC and Charles Jake Stratmann, *Starboard Yacht*

*Grp. LLC v. M/V Octopussy*, No. 23-CV-61696-SINGHAL, ECF No. 31 (S.D. Fla. Oct. 31, 2023), at 7–30.

10. On or about December 11, 2024, SHLMC notified Starboard that its access to the shipyard was denied. Ex. B, Stratmann Interrogatory Responses, Interrogatory No. 4. As such, Defendants contend performance "became impossible." *Id.*; *see also* **Exhibit I**, Defendants' Initial Disclosures at 3.

11. Starboard wholly failed to install the Humphree All-Speed Interceptor Fin System aboard the M/Y Heron. Ex. A, Stratmann Dep. at 66:8–22; *see also* Ex. I, Defendants' Initial Disclosures at 3 ("SYG could not perform the contract.").

12. Stratmann admitted that Starboard had not even paid for certain necessary components, including the fins and servos. Ex. A, Stratmann Dep. at 141:3–10.

13. When asked whether the work that needed to be done in order to install the fins and servos was completed, Stratmann testified: "Not even close." *Id.*

14. On February 28, 2025, Heron's counsel sent a formal demand letter to Starboard demanding the immediate return of funds. Ex. D, Asen Decl. ¶ 7.

15. Starboard did not respond to or comply with the February 28, 2025 demand letter. *Id.* ¶ 8.

16. On April 8, 2025, Heron's counsel at Holland & Knight LLP sent a second and final demand letter to Starboard, Mr. Valcourt, and Mr. Stratmann, demanding the immediate return of $549,183.00. *Id.* ¶ 9.

17. Starboard did not respond to or comply with the April 8, 2025 demand letter. *Id.* ¶ 10.

18. In his deposition, when asked whether he agreed that a judgment should be entered against Starboard in connection with the breach of contract dispute with Heron, Stratmann answered: "I mean, yeah. I think that's part of my damages against Safe Harbor. That's kind of the point." Ex. A, Stratmann Dep. at 136:9–15.

19. He also testified, "it's not right," and that plaintiff "shouldn't be damaged because we were forced to stop completing the project." Ex. A at 66:20–22.

20. Stratmann filed a RICO case, *Stratmann v. Ivankovich*, No. 0:26-cv-61150 (S.D. Fla. Apr. 14, 2026), against SHLMC and the damages claimed therein include amounts needed "to pay [Heron] back." *Id.* at 176:5–17.

21. Among many other things, the Verified Complaint alleges that SHLMC "destroyed SYG customer contracts worth $2.5M+ (All Speed Fins, Quad Humphree) by denying access to vessels and work-in-progress." **Exhibit J**, Verified Complaint at 10.

22. Stratmann testified that his Verified Complaint represents to the court that damages include Plaintiff's "attorneys' fees and how much money, you know, [Plaintiff] is owed that [it] didn't get the benefit from…." Ex. A, Stratmann Dep. at 268:25–269:17.

23. Starboard misappropriated the funds it received from Plaintiff by using them for unrelated expenses, including to pay a settlement with SHLMC. Ex. A, Stratmann Dep. at 188:2–22.

Respectfully submitted,

**HOLLAND & KNIGHT LLP**

*/s/ Emily R. McWey*
Christina M. Schwing (FBN 11420)
christina.schwing@hklaw.com
Emily R. McWey (FBN 1030931)
emily.mcwey@hklaw.com
50 North Laura Street, Suite 3900

Jacksonville, Florida 32202
Phone: (904) 353-2000
Fax: (904) 358-1872
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 16, 2026, a true and correct copy of the foregoing was filed with the Clerk of Court using CM/ECF. I further certify that a copy of the foregoing was served on the following:

Charles J. Stratmann
Via CM/ECF and email: jake@starboardyacht.com

Starboard Yacht Group LLC
c/o its Registered Agent, Matthew Valcourt
850 NE Third Street, Suite 208
Dania, Florida 33004
Via certified mail and email: jake@starboardyacht.com

By: /*s/ Emily R. McWey*
Counsel for Plaintiff