# Exhibit "B"

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 0:25-cv-61374-EA**

HERON ENTERPRISES, LLC,
Plaintiff,
v.
STARBOARD YACHT GROUP LLC and
CHARLES JACOB STRATMANN,
Defendants.

---

**DEFENDANT CHARLES JACOB STRATMANN'S**

**RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendant Charles Jacob Stratmann ("Stratmann" or "CJS"), by and through undersigned, hereby responds to Plaintiff Heron Enterprises, LLC's First Set of Interrogatories pursuant to Fed. R. Civ. P. 33, as follows:

## GENERAL OBJECTIONS

1. Stratmann objects to any Interrogatory that seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege.

2. Stratmann objects to any Interrogatory that seeks confidential, proprietary, or trade secret information without an appropriate protective order.

3. These responses are made without waiving any objections, and Stratmann reserves all rights to supplement pursuant to Fed. R. Civ. P. 26(e).

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:** Identify all persons with knowledge of facts relevant to this lawsuit.

**RESPONSE:** Subject to and without waiving the General Objections, Stratmann identifies the following individuals with knowledge of relevant facts: (1) Charles Jacob Stratmann, Defendant, 545 NE 17th Avenue, Fort Lauderdale, FL 33301, (954) 873-8546; (2) Aaron Abramowitz, Heron project representative; (3) James Quintessa (Captain), Heron Enterprises representative, (954) 552-8090, yachtheron140@gmail.com; (4) Lazaro Roig, Safe Harbor Marinas, (954) 505-9898; (5) James Stroup, SHM legal counsel; (6) Personnel at Safe Harbor Lauderdale Marine Center who implemented access restrictions; (7) Humphree USA representatives involved in equipment procurement. Stratmann reserves the right to supplement this response.

**INTERROGATORY NO. 2:** Describe the contractual relationship between Defendants and Plaintiff.

**RESPONSE:** On or about October 8, 2024, Starboard Yacht Group LLC entered into a Buyer's Order with Plaintiff for the supply and installation of a Humphree All-Speed Interceptor Fin System aboard the M/Y Heron. The contract value was $549,183.00. Stratmann, as CEO of SYG LLC, was involved in negotiating and

overseeing the project. Stratmann's individual liability, if any, is denied and contested.

**INTERROGATORY NO. 3:** Identify all communications with Plaintiff regarding the contract.

**RESPONSE:** Communications occurred via email, telephone, and text message between October 2024 and the present. Principal SYG contacts included Charles Jacob Stratmann and project management personnel. Plaintiff's contacts included Aaron Abramowitz and Captain James Quintessa. On or about January 10-11, 2025, Stratmann initiated communication with Aaron Abramowitz via email thread titled 'Request for assistance with interferences for Humphree foundation fabrication' to notify Plaintiff of access restrictions at Safe Harbor Lauderdale Marine Center. Communications will be produced subject to a protective order where confidential business information is implicated.

**INTERROGATORY NO. 4:** Describe the circumstances leading to non-performance of the contract.

**RESPONSE:** Performance became impossible due to third-party interference. On or about December 11, 2024, SYG received notification via SMS from Lazaro Roig, a Safe Harbor Marinas representative, that SYG personnel were prohibited from accessing Safe Harbor Lauderdale Marine Center ('SHLMC'), where M/Y

Heron was berthed. On December 30, 2024, SYG received a formal no-trespass letter via Akerman LLP. The vessel remained at SHLMC throughout the relevant period. SYG could not access the vessel to perform installation work. This denial of access was unrelated to the Heron project and arose from a separate billing dispute between SYG and Safe Harbor Marinas concerning the M/Y Octopussy project, in which SYG made payments totaling $443,682.11 that were misallocated by SHM.

**INTERROGATORY NO. 5:** Identify any defenses you intend to assert.

**RESPONSE:** Stratmann intends to assert, without limitation: (1) Impossibility of performance due to third-party denial of access to the vessel's location; (2) Frustration of purpose; (3) Failure of a condition precedent (access to vessel); (4) Lack of individual liability—Stratmann acted solely in his capacity as CEO of SYG LLC; (5) Mitigation of damages—Plaintiff failed to relocate vessel to accessible location; (6) Comparative fault of third parties (Safe Harbor Marinas); (7) Any and all defenses revealed through discovery. Stratmann reserves all defenses under Fed. R. Civ. P. 8(c).

**INTERROGATORY NO. 6:** Describe the current status of the Humphree equipment.

**RESPONSE:** Humphree equipment components were ordered and partially paid for pursuant to SYG's dealer arrangement with Humphree USA. SYG was an authorized Humphree dealer at all relevant times. Certain components that were not needed until post-foundation installation were not shipped, consistent with standard marine installation practices where equipment is staged based on project phase. The specific status of each component will be supplemented within thirty (30) days.

**INTERROGATORY NO. 7:** Describe efforts to mitigate damages or cure any breach.

**RESPONSE:** Upon learning of the access restriction on December 11, 2024, Stratmann spent approximately 40 days attempting to resolve the access issue with Safe Harbor Marinas. On February 6, 2025, SYG executed a settlement agreement with Safe Harbor Marinas. Access was reinstated on or about February 27, 2025. However, by that time, Plaintiff had already initiated this litigation. SYG remained ready, willing, and able to perform upon restoration of access. Stratmann also notified Plaintiff of the access issue on or about January 10-11, 2025, via communication with Aaron Abramowitz. A subsequent no-trespass letter was issued on May 21, 2025, further demonstrating the ongoing interference by Safe Harbor Marinas.

**INTERROGATORY NO. 8:** Identify all payments received from Plaintiff and describe how funds were allocated.

**RESPONSE:** Stratmann objects that this Interrogatory seeks confidential financial and proprietary business information. Subject to and without waiving these objections, Stratmann states that, consistent with SYG's standard marine-installation deposit structure, the funds received under the October 8, 2024 Buyer's Order represented 100% of the Humphree equipment cost and 50% of the estimated labor for installation and related services. The executed Buyer's Order identifies the Humphree equipment as the 'Manufacturer Base Price' line item and the installation work under 'Options.' Specific amounts, payer details, and bank advices will be produced only pursuant to a two-tier protective order, and Stratmann will supplement within 30 days of entry of such order.

**INTERROGATORY NO. 9:** Identify any third parties you contend are responsible for Plaintiff's damages.

**RESPONSE:** Safe Harbor Marinas, LLC d/b/a Safe Harbor Lauderdale Marine Center, and its parent company or affiliates (including entities owned or controlled by Blackstone Group), are responsible for Plaintiff's alleged damages, if any. Safe Harbor Marinas denied SYG access to the facility where M/Y Heron was berthed, making contract performance impossible. This denial arose from an unrelated

billing dispute concerning the M/Y Octopussy project. The contact for Safe Harbor Marinas is Lazaro Roig, (954) 505-9898, and legal counsel James Stroup, jstroup@strouplaw.com.

## VERIFICATION

I, Charles Jacob Stratmann, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that:

1. I am a Defendant in the above-captioned action and am competent to make this verification.

2. I have read the foregoing Responses to Plaintiff's First Set of Interrogatories.

3. The factual statements contained therein are true and correct to the best of my knowledge, information, and belief formed after reasonable inquiry.

Executed on this ____ day of February, 2026, at Fort Lauderdale, Florida.

______________________________________

Charles Jacob Stratmann
545 NE 17th Avenue
Fort Lauderdale, Florida 33301
(954) 873-8546
jake@starboardyacht.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 3, 2026, a true and correct copy of the foregoing was served via electronic mail upon:

Emily McWey, Esq.
Christina Schwing, Esq.
Holland & Knight LLP
50 North Laura Street, Suite 3900
Jacksonville, Florida 32202
emily.mcwey@hklaw.com / chris.schwing@hklaw.com

/s/ Charles Jacob Stratmann
Charles Jacob Stratmann, Pro Se