# Composite
# Exhibit “K”

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-61696-CIV-SINGHAL

STARBOARD YACHT GROUP LLC,

Plaintiff/Counter-Defendant,

vs.

CONTESSA MARINE RESEARCH LLC,

Defendant/Counter-Plaintiff,
_______________________________________________/

SHM LMC, LLC, d/b/a Lauderdale Marine Center,

Intervening Plaintiff,
vs.

CONTESSA MARINE RESEARCH LLC,

Defendant,
_______________________________________________________/

SHM LMC, LLC, d/b/a Lauderdale Marine Center,

Cross-Plaintiff,

vs.

STARBOARD YACHT GROUP LLC,

Cross-Defendant.
____________________________________/

## OMNIBUS ORDER

**Before this Court** is a “scarecrow of a suit” that could be described as, “in course of time, [having] become so complicated that no man alive knows what it means. The parties to it understand it least, but it has been observed that no two Chancery lawyers can talk about it for five minutes without coming to a total disagreement as to all the

Dockets.Justia.com

premises. . . . Scores of persons have deliriously found themselves made parties . . . without knowing how or why; whole families have inherited legendary hatreds with the suit."[1] Although this case has not proceeded for as long as the legendary *Jarndyce and Jarndyce*, nor does it have as many parties, this case is about as complicated. And like *Jarndyce and Jarndyce*, the parties are now litigating about side-issues far removed from the original cause of the suit.[2]

On September 24, 2025, this Court ordered Starboard Yacht Group LLC ("SYG") to pay SHM LMC, LLC within 30 days the outstanding $119,233.55 required under the parties' settlement agreement. (DE [244]). This Court explained that if SYG did not pay on time, this Court would order final judgment against SYG. On October 2, 2025, SYG's counsel withdrew from representing both SYG and Charles Jake Stratmann, SYG 's managing member, *see* (DE [25]). (DE [245]). On October 3, 2025, this Court granted SYG 10 days to obtain new counsel. (DE [247]). On November 5, 2025 Defendant/Counter-Plaintiff Contessa Marine Research LLC ("Contessa") filed a Motion for Sanctions, to Strike Pleadings, and for Default (the "First Sanctions Motion") (DE [249]) and a Motion for Sanctions and to Preclude Evidence (the "Second Sanctions Motion") (DE [250]). Contessa's First Sanctions Motion seeks sanctions against SYG for its failure to obtain counsel and an order striking SYG's complaint and granting Contessa's counterclaim against SYG. Contessa's Second Sanctions Motion requests this Court strike all SYG's pleadings and Stratmann's defensive pleadings due to both parties' discovery violations. On November 6, 2025, Intervening Plaintiff SHM LMC, LLC, d/b/a/ Lauderdale Marine Center ("SHM LMC"), filed a Motion for Entry of Judgment Against Starboard Yacht Group, LLC (the "Motion for Judgment") (DE [251]). SHM LMC's Motion

---

[1] Charles Dickens, *Bleak House* (Bradbury and Evans, 1853) (describing *Jarndyce v. Jarndyce*).
[2] *See also*, *Valentin v. RMRP Real LLC, et al.*, No. 20-62263 (S.D.F.L. Nov. 24, 2025).

for Judgment seeks a final judgment against SYG for the outstanding $119,233.55, as well as an order dismissing SYG's claims against SHM LMC. On December 16, 2023, Magistrate Judge Alicia O. Valle ordered SYG and Stratmann to respond to Contessa's Second Sanctions Motion by December 23, 2025 or show cause why the motion should not be granted. (Show Cause Order (DE [253])).

On January 9, 2026, Stratmann responded to Contessa's First and Second Sanctions Motions and the Show Cause Order. *See* (DE [254], [255], [256]).[3] Stratmann spends much of his responses attempting to explain why SYG has not obtained counsel yet and arguing that Contessa has also failed to comply with discovery orders. Stratmann asks for more time for SYG to obtain counsel. Stratmann also states that he attempted to respond to Contessa's motions two months ago by emailing his responses to the Court. (DE [258]). He claims he only learned last week that he must conventionally file his responses. In light of those circumstances, Stratmann filed an Emergency Motion to Accept Late Filing Pursuant to Excusable Neglect (the "Motion to Accept") (DE [260]) and an Emergency Motion for Global Stay of All Proceedings Pending Retention of Counsel (the "Motion for Stay") (DE [263]).[4] Before proceeding further, Mr. Stratmann must stop labeling motions as "emergency motions" when the alleged emergency is self-inflicted. Any motions filed as "emergency" without good cause will be struck automatically.

## I. DISCUSSION

We start with SHM LMC's Judgment Motion (DE [251]) and Contessa's First Sanctions Motion (DE [249]), both of which seek judgment against SYG and dismissal of

---

[3] Stratmann filed an additional response to the Second Sanctions Motion and the Show Cause Order on January 12, 2026. But since Stratmann already responded to the Motion and order, the Court will not consider his additional responses. A party is only entitled to file one response per motion.

[4] Stratmann previously filed an Emergency Motion to Accept Late-Filed Response and Excuse Delay (DE [257]). The Motion to Accept (DE [260]) moots that motion.

SYG's claims against them. On September 24, 2025, this Court ordered that if "Starboard Yacht Group does not pay SHM LMC the remaining $119,233.55 balance within 30 days, this Court will enter a Final Judgment awarding SHM LMC $119,233.55 against Starboard Yacht Group." (DE [244]). It is now more than 80 days past the 30-day deadline and rather than taking advantage of the extra time and paying its court ordered debt, SYG sat on its hands and did nothing. To date, SYG has not paid SHM LMC, so final judgment is appropriate.

Contessa seeks default on Count I of its counterclaim (DE [31]) with a default final judgment of $3,027,994.72,[5] plus prejudgment interest and taxable costs. (DE [249]). Default judgment, even when the entity previously responded to the lawsuit, is appropriate when a business entity is no longer represented by counsel and fails to obtain new counsel. *See Naval Logistics, Inc. v. M/V PETRUS*, 753 F. Supp. 3d 1298, 1307 (S.D. Fla. 2024) ("As a business entity is unable to represent itself without counsel in federal court, its failure to obtain counsel is a sufficient basis for a plaintiff to move for default."); *Atlas Conglomerate of Ridiculous Proportions LLC v. NFT Techs., Inc.*, 2025 WL 1927605, at *1-2 (S.D. Fla. July 14, 2025); *Camela Navigation, Inc. v. Parlay Shipping & Trading, LLC*, 2017 WL 7796154, at *1 (S.D. Fla. May 23, 2017). Accordingly, because SYG failed to comply with this Court's order that it obtain counsel and disregarded the Court's order to show cause warning SYG that it still needed to obtain counsel, this Court grants default against SYG. Final default judgment is not appropriate yet, but Contessa is directed to move for final default judgment after default has been entered.

[5] How Contessa reached this amount is unclear from Count I. Other claims in the counterclaim list this amount as the difference between what Contessa paid and what SYG and Stratmann could account for. But in Count I, Contessa seeks "all damages including but not limited to, interest and costs, attorney's fees, special and consequential damages including cost of delay and damages caused by the delay, loss of reputation, loss revenue from chartering, cost for transporting the vessel to Dubai, and for such other and further relief as this Court deems just, equitable and proper." (DE [31] p. 15). Contessa does not explain how the damages sought in Count I amount to the $3,027,994.72 requested.

Moreover, dismissal of SYG's claims against both SHM LMC and Contessa is appropriate because SYG has failed to prosecute its case. *See* Fed. R. Civ. Pro. 41(b); *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). Not only is dismissal appropriate, but also dismissal with prejudice is necessary here. Dismissal with prejudice as a sanction is only permitted "when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *World Thrust Films, Inc. v. Int'l Fam. Ent., Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995). For the first factor, SYG has had three months to comply with this Court's order and obtain counsel. In Stratman's Declaration (DE [258]), he includes a section labeled "Efforts to Obtain Counsel." According to this section, Stratmann did not reach out to an attorney to represent SYG in this matter until January 8, 2026. *Id.* There is *no excuse* for why he waited three months to contact counsel. This lethargic conduct amounts to willful contempt. The Court also warned him in the Show Cause Order that SYG still needed to obtain counsel. (DE [253]). Because SYG has not obtained counsel for over three months, despite the Court's warnings, SYG engaged in willful contempt.[6]

For the second *World Thrust Films* factor, this Court determines that sanctions less than dismissal would not suffice. SYG has demonstrated it is unwilling to comply with its commitments and this Court's orders in its suits against both SHM LMC and Contessa. A few weeks after SYG entered into a settlement agreement with SHM LMC, SYG requested to amend the settlement and fulfill its obligations at a later date. (DE [244]).

[6] Obtaining counsel goes like this. The client understands it has a big problem and makes an appointment with a lawyer. The client explains the situation, asks if the lawyer can help, and if so, how much it will cost. This discussion does not take the serious client months, weeks or days. Imagine, for example, that the client is accused of a crime punishable by death. That client does not fail to hire a lawyer (if he can afford one) for months—after a court order—for the simple reason that he has a significant interest in his case. Here, the actions of SYG suggest strongly that its interest is simply avoidance and delay.

SHM LMC agreed. But for months, SYG still refused to fulfill its obligations and pay SHM LMC the agreed upon amount, even after SHM LMC made multiple offers to accommodate an extended payment schedule. Finally, SHM LMC requested this Court to enforce the settlement agreement, and this Court ordered SYG to pay by October 24, 2025. *Id.* Instead, SYG has done nothing. After SYG's counsel withdrew, this Court ordered SYG to obtain new counsel by October 13, 2025. SYG let that deadline go by. On December 16, 2023, the Court noted that SYG still had not complied with the Court's order to obtain counsel, and the Court ordered SYG and Stratmann to show cause by December 23, 2025 why Contessa's Second Sanctions Motion should not be granted. (DE [253]). Despite this prompting to obtain counsel and the order to respond, SYG did nothing.[7] SYG has ignored this Court's orders to pay and this Court's deadlines on numerous occasions. This Court has zero confidence that SYG would respond to any other sanctions. Indeed, SYG plays by its own rules. To the extent one's word is their bond, SYG's bond is worthless. So, dismissal with prejudice is necessary.

Having granted judgment against SYG and dismissed SYG's suits, we turn to Contessa's Second Sanctions Motion (DE [250]). Because we grant default against SYG and dismissal of SYG's claims against Contessa, Contessa's request for sanctions against SYG for discovery violations is moot. But Contessa also seeks sanctions against Stratmann for his alleged failure to comply with discovery orders. Contessa does not detail what discovery orders Stratmann has violated or what discovery he still must turn over. Accordingly, this Court sees no need to sanction him at this time. This Court does warn Stratmann that he must be more responsive in the future. But even that warning is

[7] Although the Order to Show Cause (DE [253]) ordered SYG and Stratmann to respond to Contessa's Second Motion for Sanctions (DE [250]) for discovery violations, the Order still put SYG on notice that it needed to obtain counsel.

likely meaningless as Stratman couldn't be any less responsive than he has been. Although he claims that he thought he properly filed his responses to Contessa's First and Second Sanctions Motions, the Court's December 16, 2025 Show Cause Order (DE [253]) would have notified Stratmann that his responses had not been received. He does not explain why he did not file his responses immediately after that Order. This Court expects and demands better moving forward.

Finally, we address Stratman's Motion to Accept (DE [260]) and Motion for Stay (DE [263]). Stratmann has done far too little far too late. For the reasons discussed above, he has had months to obtain counsel for SYG. He has ignored this Court's warnings. *See* (DE [253]). He cannot ignore multiple orders and then request more time to obtain counsel. The evidence he presents for his attempts to obtain counsel demonstrate lethargy and sloth. The Court will not reward this conduct.

II. <u>CONCLUSION</u>

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. SHM LMC's Motion for Judgment (DE [251]) is **GRANTED**. SHM LMC is granted a final judgment for $119,233.55, plus interest. Final judgment will be issued by separate order per Federal Rule of Civil Procedure 58. SYG's claims against SHM LMC are **DISMISSED WITH PREJUDICE.**
2. Contessa's First Sanctions Motion (DE [249]) is **GRANTED IN PART AND DENIED IN PART.** The Clerk of Court shall **ENTER DEFAULT** against SYG. Contessa shall file a motion for default final judgment by **February 11, 2026**, including a breakdown of all damages sought, with affidavits to support all damages. SYG's claims against Contessa are **DISMISSED WITH PREJUDICE.**

3. Contessa's Second Sanctions Motion (DE [250]) is **DENIED**

4. Stratmann's Motion to Accept (DE [260]) is **DENIED.**

5. Stratman's Emergency Motion to Accept Late-Filed Response and Excuse Delay (DE [257]) is **DENIED AS MOOT**.

6. Stratmann's Motion for Stay (DE [263]) is **DENIED.**

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 13th day of January 2026.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF