**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

Case No. 0:25-cv-61374-EA

HERON ENTERPRISES, LLC,
a Delaware Limited Liability Company,

Plaintiff,

v.

STARBOARD YACHT GROUP LLC,
a Florida Limited Liability Company, and
CHARLES J. STRATMANN, an individual,

Defendants.
_______________________________________/

**PLAINTIFF HERON ENTERPRISES, LLC'S PARTIAL**
**MOTION FOR SUMMARY JUDGMENT ON COUNT I**

Plaintiff, Heron Enterprises, LLC ("Heron" or "Plaintiff"), hereby moves for summary judgment on Count I of the Amended Complaint (Dkt. 11) against Defendant Starboard Yacht Group LLC ("Starboard" or "SYG").

**INTRODUCTION**

The undisputed record establishes Plaintiff's entitlement to summary judgment on its breach of maritime contract claim against Starboard. In October 2024, Heron engaged Starboard to procure and install a Humphree All-Speed Interceptor Fin System aboard the M/Y *Heron*, a 140-foot Abeking & Rasmussen motor yacht, in exchange for $549,183.00. Heron paid the full contract price. Starboard never installed the system, was banned from the marina where the vessel was berthed, and has refused to return the funds.

Critically, Charles J. Stratmann—Starboard's sole member and CEO—**conceded under oath that judgment should be entered against Starboard on this claim.** When asked, "Do you

agree that a judgment should be entered against Starboard in connection with the breach of contract dispute with Heron?" Stratmann answered: "I mean, yeah." **Exhibit A**, Stratmann Dep. at 136:9–15.[1] This admission alone eliminates any genuine dispute of material fact. Because all elements of breach of contract are established by undisputed evidence—and confirmed by Starboard's own principal—summary judgment should be entered in Plaintiff's favor on Count I.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

Plaintiff's Statement of Undisputed Material Facts is being filed contemporaneously herewith in accordance with Local Rule 56.1.

## LEGAL STANDARD

A court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. An issue of fact is "genuine" only if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if the fact could affect the outcome of the lawsuit under the governing law. *Id.* The moving party bears the initial burden of identifying those portions of the record demonstrating a lack of genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004). If the movant shows "an absence of evidence to support the nonmoving party's case," the burden then shifts to the non-moving party to demonstrate that there are, in fact, genuine disputes of material facts. *Celotex*, 477 U.S. at 325; *see also Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006). Overcoming summary judgment requires more than "[t]he mere existence of a scintilla of evidence;" a showing of only "*some* alleged factual dispute

---

[1] The pertinent portions of the deposition transcript cited herein are collectively attached to the Statement of Undisputed Material Facts as **Exhibit A.**

between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson*, 477 U.S. at 247–48 (emphasis in original).

Moreover, while a court cannot "grant summary judgment by default,"[2] if the nonmovant fails to respond to a motion for summary judgment after being given an opportunity to do so, the court may accept the movant's facts as undisputed and grant the motion. *See, e.g., Am. Contractors Indem. Co. v. Lampert*, No. 13-80775-CIV, 2014 WL 11516084, at *3 (S.D. Fla. June 18, 2014), *report and recommendation adopted*, No. 13-CV-80775, 2014 WL 11515869 (S.D. Fla. July 30, 2014). Here, Starboard is unrepresented and—as a corporate entity that cannot proceed *pro se*—is unable to oppose this motion. Should Starboard fail to respond, this Court should accept the facts set forth herein as undisputed and enter judgment accordingly.

**ARGUMENT**

To prevail on a breach of contract claim under Florida law, the plaintiff must establish: "(1) a valid contract, (2) material breach, and (3) damages." *Beck v. Lazard Freres & Co., LLC*, 175 F.3d 913, 914 (11th Cir. 1999). All three elements are established here by undisputed evidence—including Starboard's officer's own sworn admissions.

[2] Starboard Yacht Group LLC is currently unrepresented by counsel. As a corporate entity, it cannot proceed *pro se*. *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). The Court has addressed multiple efforts to dispose of this case as a result of Starboard's failure to retain counsel. On December 10, 2025, the Court entered an Order on Unopposed Motion to Withdraw as Counsel of Record (Dkt. 20), requiring Defendants to retain new counsel by January 4, 2026, with failure resulting in entry of default. On January 16, 2026, the Court entered an Order on Various Motions (Dkt. 30), vacating the default provision and extending the deadline for Starboard to retain counsel to January 28, 2026. Plaintiff thereafter filed a Motion to Enforce this Court's Order Against Defendant Starboard Yacht Group LLC (Dkt. 33), which the Court denied via paperless Order (Dkt. 34). Plaintiff also filed a Motion for Sanctions and for an Order Directing the Clerk to Enter a Default Against Defendant Starboard Yacht Group LLC (Dkt. 35), which the Court denied without prejudice to further argument on a motion for summary judgment or at trial (Dkt. 39). Starboard has had ample opportunity to retain counsel and has failed to do so. Disposing of the breach of contract claim on the merits via summary judgment is therefore appropriate.

**I. Stratmann Conceded That Judgment Should Be Entered Against Starboard**

Stratmann's deposition testimony eliminates any genuine issue of material fact. *See Van T. Junkins & Assocs., Inc. v. U.S. Indus., Inc.*, 736 F.2d 656, 657 (11th Cir. 1984) ("When a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony."). When asked directly whether judgment should be entered against Starboard on the breach of contract claim, Stratmann conceded:

> Q: Do you agree that a judgment should be entered against Starboard in connection with the breach of contract dispute with Heron?
> A: I mean, yeah. I think that's part of my damages against Safe Harbor. That's kind of the point….

Stratmann Dep. at 136:9–136:15 (May 19, 2026).

This unequivocal concession by Starboard's sole principal eliminates any genuine issue of material fact. Summary judgment is therefore warranted.

**II. Even Absent Stratmann's Concession, No Genuine Dispute of Material Fact Exists**

A. <u>The existence and essential terms of the contract are undisputed</u>.

It is undisputed that Heron and Starboard entered into a valid and enforceable agreement for Starboard to procure and install a Humphree All-Speed Interceptor Fin System aboard the M/Y Heron in exchange for $549,183.00. *See, e.g.*, Ex. B, Stratmann Interrogatory Responses, Interrogatory No. 2 (Feb. 3, 2026) ("…Starboard Yacht Group LLC entered into a Buyer's Order with Plaintiff for the supply and installation of a Humphree All-Speed Interceptor Fin System aboard the M/Y Heron. The contract value was $549,183.00."). Contract interpretation is a question of law, and summary judgment is appropriate when the contract is unambiguous. *Saregama India Ltd. v. Mosley*, 635 F.3d 1284, 1290 (11th Cir. 2011). Here, there is no ambiguity:

Starboard agreed to supply and install a stabilization system for $549,183.00, and Heron paid that sum.

B. Starboard has materially breached the contract.

Under Florida law, a material breach occurs when a defendant's non-performance goes to the essence of the contract. *Doe v. Rollins Coll.*, 77 F.4th 1340, 1364 (11th Cir. 2023); *Verbal v. TIVA Healthcare, Inc.*, 628 F. Supp. 3d 1222, 1229 (S.D. Fla. 2022). Starboard materially breached the contract by failing to perform its core obligations. The contract required Starboard to install the Humphree All-Speed Interceptor Fin System aboard the M/Y Heron, and Starboard did not, in fact, install the Humphree All-Speed Interceptor Fin System aboard the M/Y Heron—"not even close." Ex. A, Stratmann Dep. at 185:6–10. Starboard simply alleges that "performance became impossible due to third-party interference" from SHLMC. Ex. B, Stratmann Interrogatory Responses, Interrogatory No. 4. Starboard accepted $549,183.00, failed to deliver the contracted-for system, and failed to return the funds. That constitutes material breach as a matter of law.

C. Plaintiff is entitled to restitution.

"Under Florida law, restitution is available as a type of recovery where there has been a breach of an express contract, so long as the breach goes to a material provision of the contract." *Bowe v. Pub. Storage*, 106 F. Supp. 3d 1252, 1271 (S.D. Fla. 2015); *see also Beefy Trail, Inc. v. Beefy King Int'l, Inc.*, 267 So. 2d 853, 857 (Fla. 4th DCA 1972). As set forth *supra*, Starboard failed to perform its core obligations under the contract. As such, Heron is entitled to recover the $549,183.00 paid under the contract. Ex. D, Asen Decl. ¶¶ 6–11 (confirming payments totaling $549,183.00 and that no portion has been returned).

### III. Starboard's Impossibility Defense Fails as a Matter of Law

In assessing the impossibility defense to a breach of contract action, courts determine "whether that supervening event so radically altered the world in which the parties were expected to fulfill their promises that it is unwise to hold them to the bargain," and the ultimate issue "is whether the change was foreseeable." *Cook v. Deltona Corp.*, 753 F.2d 1552, 1558 (11th Cir. 1985) (rejecting impossibility argument where even if the extent of the change could not have been foreseen at the time of contracting, the promisor was aware that the "winds of change were blowing" and that awareness disabled the assertion that the alleged supervening change altered basic assumptions on which the contract was founded). The Florida Supreme Court has held that where knowledge of the facts making performance impossible were available to the promisor at the time of contracting, the promisor cannot invoke those facts as a defense to performance. *Shore Inv. Co. v. Hotel Trinidad, Inc.*, 158 Fla. 682, 29 So. 2d 696 (1947). Moreover, courts have explained, "***[t]he general rule is that supervening impossibility of performance (being that which is due to something that develops after the inception of a contract) is not an excuse for non-performance of a contract***," and "a contracting party will not be relieved from his agreement to perform because of an inability that develops which could have been prevented or avoided, and a promissor will not be permitted to take advantage of an obstacle to performance which he has created or which lay within his power to remove or avoid." *Metro. Dade Cnty. v. Babcock Co.*, 287 So. 2d 139, 142, n.1 (Fla. 3d DCA 1973) (citing 17 Am. Jur. 2d *Contracts* § 402) (emphasis added).

Here, Starboard had received a Complaint for Eviction and entered into a Settlement Agreement, agreeing to vacate the premises by June 30, 2024 and remove all of its property. Composite Ex. G. Starboard and Stratmann had been embroiled in active, ongoing litigation with

the shipyard since September 2023—over a year before contracting with Heron. *See* **Exhibit K**, Omnibus Order, *Starboard Yacht Group LLC v. Contessa Marine Research LLC*, Case No. 23-61696-CIV-SINGHAL (S.D. Fla. Jan. 13, 2026) (awarding final judgment in favor of SHLMC against Starboard). Not only was it fully foreseeable to Starboard at the time of contracting with Heron that Starboard would be unable to perform the installation on the vessel docked at the shipyard, but a party cannot benefit from a self-created or avoidable obstacle to performance.

As such, Starboard's stated reasons for nonperformance are insufficient to overcome summary judgment on the breach of contract claim.

**CONCLUSION**

For the foregoing reasons, Plaintiff Heron Enterprises, LLC respectfully requests that this Court:

1. Grant summary judgment in Plaintiff's favor on Count I of the Amended Complaint against Defendant Starboard Yacht Group LLC;
2. Enter judgment against Starboard Yacht Group LLC in the amount of $549,183.00; and
3. Award Plaintiff prejudgment interest on the principal amount of $549,183.00 at the applicable rate from the date of breach; and
3. Grant such other and further relief as this Court deems just and proper.

**CERTIFICATE OF GOOD FAITH CONFERENCE**

Plaintiff has been unable to confer with Starboard about this Motion per Local Rule 7.1(a)(3) given that corporate entities cannot proceed *pro se* and Starboard is currently unrepresented.

Dated: September 16, 2026

Respectfully submitted,

**HOLLAND & KNIGHT LLP**

*/s/ Emily R. McWey*
Christina M. Schwing (FBN 11420)
christina.schwing@hklaw.com
Emily R. McWey (FBN 1030931)
emily.mcwey@hklaw.com
50 North Laura Street, Suite 3900
Jacksonville, Florida 32202
Phone: (904) 353-2000
Fax: (904) 358-1872
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 16, 2026, a true and correct copy of the foregoing was filed with the Clerk of Court using CM/ECF. I further certify that a copy of the foregoing was served on the following:

Charles J. Stratmann
Via CM/ECF and email: jake@starboardyacht.com

Starboard Yacht Group LLC
c/o its Registered Agent, Matthew Valcourt
850 NE Third Street, Suite 208
Dania, Florida 33004
Via certified mail and email: jake@starboardyacht.com

By: */s/ Emily R. McWey*
Counsel for Plaintiff