Charles Jacob Stratmann
Defendant, Pro Se, Individually
545 NE 17th Avenue
Fort Lauderdale, FL 33301
Telephone: (954) 873-8546
Email: jake@starboardyacht.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

FORT LAUDERDALE DIVISION

Case No. 0:25-cv-61374-EA

FILED BY VB D.C.
SEP 30 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

HERON ENTERPRISES, LLC,

a Delaware Limited Liability Company,

Plaintiff,

v.

STARBOARD YACHT GROUP LLC,

a Florida Limited Liability Company, and

CHARLES J. STRATMANN, an individual,

Defendants.

---

**DEFENDANT CHARLES J. STRATMANN'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (DE 41), AS TO HIMSELF INDIVIDUALLY**

**I. Scope and Threshold Posture**

Defendant Charles J. Stratmann responds individually. Nothing herein is submitted on behalf of Starboard Yacht Group LLC, which has not appeared through counsel.

Plaintiff's motion seeks partial summary judgment on Count I **against Starboard Yacht Group LLC only** (DE 41 p.1). It requests no relief against Stratmann individually. This response is

therefore protective: it contests the factual characterizations in Plaintiff's Statement of Undisputed Material Facts (DE 40) that, if deemed admitted without response, would frame the record adversely to Stratmann in any future phase of this case, and it preserves the third-party-interference record that Plaintiff's own exhibits establish.

**II. Response to Plaintiff's Statement of Material Facts (L.R. 56.1)**

| ¶ | Plaintiff's assertion | Response | Record cite / basis |
|---|---|---|---|
| 1 | Stratmann is sole member and CEO of SYG LLC | **Admit** | Ex. A Dep. 24:17–22 |
| 2 | Buyer's Order for Humphree system, $549,183 | **Admit** | Interrog. Resp. No. 2; Ex. E Buyer's Order |
| 3 | "Simple installation" representation; parts to ship within 60 days | **Dispute in part** | The cited email is dated **March 12, 2025** — five months post-contract, during the access-block period; it cannot establish a contracting representation. The Buyer's Order is the operative instrument and speaks for itself |
| 4 | Typical project = 2–3 months | **Admit as testified; immaterial** | Dep. 72:2–7 — typical timeline assumes vessel access; irrelevant where access was denied by a third party |
| 5 | Plaintiff paid contract value in full | **Admit** | Asen Decl. ¶¶2–6 |
| 6 | Deposit $362,183 early Oct 2024 | **Admit** | Asen Decl. ¶4; Ex. E |
| 7 | $187,000 November | **Admit** | Comp. Ex. F; Interrog. 2 |

| | | | |
|---|---|---|---|
| | 2024 | | |
| 8 | M/Y Heron berthed at SHLMC | **Admit** | Dep. 136:20–137:1 |
| 9 | "Unbeknownst to Plaintiff," SYG had multiple SHLMC disputes | **Dispute in part** | The Octopussy/SHM litigation existed as a matter of **public record** (Broward COCE-24-017512; S.D. Fla. 0:23-cv-61696) — not concealed, and unrelated to the Heron contract. No evidence establishes a duty to disclose unrelated litigation to a sophisticated commercial counterparty |
| 10 | 12/11/2024 SHLMC denied SYG shipyard access | **Admit** | Interrog. Resp. No. 4; SHLMC termination notice 12/11/2024 (`02_EVIDENCE/HRN_61374_IMPOSSIBILITY_RECORD/SHLMC_NOTICE_OF_TERMINATION_OF_ACCESS_20241211.pdf`) + Akerman no-trespass 12/30/2024 — **this is the impossibility fact, Plaintiff's own SOF establishes it** |
| 11 | Starboard "wholly failed to install" the system | **Dispute in part** | Non-performance admitted; "wholly failed" disputed — Humphree equipment was ordered and partially paid under SYG's dealer arrangement (Interrog. 6); performance was *prevented* by the access denial (¶10), not abandoned |
| 12 | Fins and servos "not even paid for" | **Dispute in part** | Equipment ordered and partially paid under the Humphree dealer arrangement (Interrog. Resp. 6); payment terms ran through the dealer account, not a direct purchase — "not paid" mischaracterizes the structure |
| 13 | "Not even close" on fins/servos work | **Admit quote; dispute materiality** | Progress is measured against access: installation could not proceed while the vessel was barred from the shipyard (¶10) |
| 14 | 2/28/2025 demand letter sent | **Admit** | Asen Decl. ¶7 |
| 15 | No response to or compliance with demand | **Dispute** | The record reflects ongoing communications regarding the access block and its resolution — Plaintiff's own Ex. C is a **March 12, 2025 email from Stratmann** post-dating the first demand, and Stratmann notified Heron (Abramowitz) of the access block on approximately January 10–11, 2025 (Interrog. Resp. 3) |
| 16 | 4/8/2025 second | **Admit** | Asen Decl. ¶9 |

| | | | |
|---|---|---|---|
| | demand letter sent | | |
| 17 | No response to second demand | **Dispute** | Same as ¶15 — the ongoing-communication record, including Plaintiff's own Ex. C |
| 18 | Depo: judgment "part of my damages against Safe Harbor" | **Admit quote; dispute characterization** | Full quote: *"that's part of my damages against Safe Harbor. That's kind of the point."* — a statement of the SHM-causation damages theory, **not** an unqualified admission of liability (Dep. 136:9–15) |
| 19 | "it's not right"; plaintiff "shouldn't be damaged because we were forced to stop" | **Admit** | Dep. 66:20–22 — **supports the impossibility/frustration defense**: "forced to stop" = the third-party access denial |
| 20 | Stratmann filed RICO case; damages include Heron payback | **Admit** | Dep. 176:5–17; 0:26-cv-61150 — establishes recovery intent and the SHM causation chain, not bad faith |
| 21 | Verified Complaint: SHLMC destroyed contracts by denying access | **Admit** | Ex. J Verified Complaint — same causation record; Plaintiff's own exhibit proves the interference theory |
| 22 | Testified damages include Plaintiff's | **Admit** | Dep. 268:25–269:17 — recovery intent, not concealment |

| | | | |
|---|---|---|---|
| | fees/owed amounts | | |
| 23 | "Misappropriated" funds on unrelated expenses incl. SHM settlement | **Dispute** | "Misappropriated" is a legal conclusion, not a fact. Per Buyer's Order/Interrog. 8 the funds were contract proceeds covering 100% Humphree equipment + 50% labor with no segregation covenant in evidence. The SHM settlement expenditure *preserved the berth and access needed to perform* — an expense in furtherance of performance capability, not diversion |

Key disputes established by the table:

- ¶3 — Disputed: the "simple installation" representation cites a March 12, 2025 email — five months post-contract, during the access-block period; it cannot establish a contracting representation.
- ¶9 — Disputed in part: the Octopussy/SHM litigation was public record (Broward COCE-24-017512; this District's 0:23-cv-61696); no duty to disclose unrelated litigation to a sophisticated commercial counterparty.
- ¶¶11–13 — Disputed in part: performance was prevented, not abandoned; Humphree equipment was ordered and partially paid under SYG's dealer arrangement (Interrog. Resp. 6).
- ¶¶15, 17 — Disputed: parties were in communication; Plaintiff's own Ex. C is a March 2025 Stratmann email post-dating the first demand.
- ¶23 — Disputed: "misappropriated" is a legal conclusion; the Buyer's Order/Interrog. 8 record shows contract proceeds covering 100% equipment + 50% labor with no segregation covenant, and the SHM settlement expenditure preserved the berth needed to perform.

## III. Argument

### *A. Plaintiff's own statement of facts establishes the impossibility/frustration record*

Plaintiff's ¶10 admits that on December 11, 2024, Safe Harbor Lauderdale Marine Center denied SYG shipyard access (SHLMC termination notice 12/11/2024, `02_EVIDENCE/HRN_61374_IMPOSSIBILITY_RECORD/`; Akerman no-trespass letter 12/30/2024). Stratmann's deposition quote at ¶19 — "it's not right"; plaintiff "shouldn't be damaged because

we were forced to stop" (Dep. 66:20–22) — is itself evidence that performance was prevented by third-party access denial, not refusal.

The record further shows: Stratmann notified Heron (Abramowitz) of the access block on approximately January 10–11, 2025 (Interrog. Resp. 3; aaron@oceansyachting.com reply 1/11/2025 19:00Z); approximately 40 days were spent resolving the block; the SHM settlement was executed on February 2, 2025 and transmitted by Akerman on February 6, 2025; access was reinstated approximately February 27, 2025 — after Heron filed suit; and a second no-trespass was reinstituted 5/21/2025 by Akerman email (basis asserted: unpaid settlement installment — itself a disputed premise).

Under maritime breach-of-contract doctrine (Plaintiff's theory, *Beck v. Lazard Freres*), impossibility and frustration of purpose are recognized defenses. Where the vessel's access to the shipyard — a condition precedent to installation — was withdrawn by a third party over an unrelated dispute, genuine disputes of material fact exist on breach, causation, and damages.

***B. The "misappropriation" framing is unsupported characterization***

¶23's "misappropriated" label is a legal conclusion. The Buyer's Order and Interrogatory Response 8 establish the payment structure: 100% Humphree equipment + 50% labor, no segregation covenant in evidence. The SHM settlement payment preserved the berth and access needed to perform the contract — an expenditure in furtherance of performance capability.

***C. Stratmann's testimony supports, not defeats, the defense***

The quote at ¶18 — the judgment being "part of my damages against Safe Harbor" (Dep. 136:9–15) — is a statement of the SHM-causation damages theory: the defaults and judgments are claimed evidence of what SHM's interference caused, not an admission of liability to Plaintiff.

***D. As to Stratmann individually, the motion seeks nothing***

Because DE 41 requests relief solely against SYG LLC, summary judgment cannot be entered against Stratmann on this motion in any event. This response preserves the record should Plaintiff later assert an individual-liability theory.

**IV. Conclusion**

The motion should be denied as to any relief touching Stratmann individually, and the disputed characterizations in Plaintiff's Statement of Facts should not be deemed admitted as to him.

Respectfully submitted,

/s/ Charles Jacob Stratmann

CHARLES JACOB STRATMANN

Pro Se, Individually

545 NE 17th Avenue

Fort Lauderdale, Florida 33301

Telephone: (954) 873-8546

Email: jake@starboardyacht.com

Dated: September 30, 2026

**CERTIFICATE OF SERVICE**

I certify that on September 30, 2026 this document was served via CM/ECF upon Holland & Knight LLP, counsel of record for Plaintiff.